IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL TRINIDAD, SERGIO TRINIDAD,
and HASSELLI LOPEZ,

        Plaintiffs,

vs.                                            No. 12-cv-0926 RB/KBM

STATE OF NEW MEXICO, *et al.*,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**STATE OF NEW MEXICO'S MOTION TO DISMISS**

This case arises out of a raid executed by Santa Fe animal control and sheriff's department officers on July 14, 2010. (Compl., Doc. 1 Ex. A, at ¶¶ 19-33). The officers conducted the raid as part of an investigation into allegations of cockfighting. (*Id.* at ¶¶ 21-24). In the course of the raid, a house and the surrounding land were searched, evidence was gathered, and Plaintiffs Raul Trinidad-Enriquez, Sergio Trinidad-Enriquez, and Hasselli Lopez were arrested. The Plaintiffs initiated their lawsuit in the First Judicial District Court for the State of New Mexico on July 11, 2012, asserting sixteen claims for relief against multiple defendants, including the State of New Mexico. The Defendants removed the action to this Court on August 30, 2012. (Doc. 1).

The State of New Mexico ("State") has filed a motion (Doc. 18) pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the sole claim against it, Plaintiff's Third Cause of Action under 42 U.S.C. § 1983 and the "FOURTEENTH AMENDMENT (VAGUENESS OF LAW)." (Compl. at 8). The State contends that New Mexico's cockfighting prohibition, N.M. STAT. ANN.

§ 30-18-9, is neither unconstitutionally vague nor an ex post facto law. The Plaintiffs contest the motion. (Doc. 23). Having considered the submissions of counsel, relevant law, and otherwise being fully advised, the Court **GRANTS** the State's Motion to Dismiss.

### I.      Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. To survive a Rule 12(b)(6) motion to dismiss, a complaint must state a claim for relief that plausibly, not merely possibly, entitles the plaintiff to relief under the relevant law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). In considering a motion to dismiss, the court must look within the four corners of the complaint and accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citation omitted). However, the court need not accept legal conclusions contained in the complaint as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### II.      Background

The Plaintiffs' third claim for relief asserts that New Mexico's cockfighting prohibition is facially unconstitutional on vagueness grounds and constitutes an impermissible ex post facto law. In 2007, the New Mexico Legislature outlawed cockfighting. To do so, it amended a pre-existing statute that criminalized dogfighting. As amended, the statute makes it unlawful "to train, equip or sponsor a dog or cock for the purpose of having it participate in a fight with another dog or cock, respectively, for monetary gain or entertainment." N.M. STAT. ANN. § 30-18-9(B) (2012). A first violation of the statute as it relates to roosters constitutes a petty

misdemeanor; a second violation is a misdemeanor, and a third or subsequent violation is a fourth degree felony. *Id.* at § 30-18-9(C). The Plaintiffs do not take issue with the provisions of this statute as they relate to dog fighting. Instead, they argue that the statute became vague when it was revised to include "cocks" in 2007. Additionally, the Plaintiffs contend that the law violates the Ex Post Facto Clause because it redefined, as criminal, conduct that was previously legal.

Though it is not clear on the face of Plaintiffs' complaint which Defendants are subject to which claims, the State has asserted, and the Plaintiffs have not disputed, that the sole claim against the State is Plaintiffs' third cause of action.

### III.    Vagueness Challenge

A penal statute may be void on vagueness grounds if it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Hunter*, 663 F.3d 1136, 1141 (10th Cir. 2011) (quoting *United States v. Graham*, 305 F.3d 1094, 1105 (10th Cir. 2002)); *see also Kolender v. Lawson*, 461 U.S. 352, 357 (1983). In considering a vagueness challenge to a statute, the court must begin with "the presumption that the statute comports with the requirements of federal due process and must be upheld unless satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution." *United States v. Welch*, 327 F.3d 1081, 1094 (10th Cir. 2003) (quotation omitted). Absolute precision is not required; rather, the language of the statute must convey "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices . . . ." *Hunter*, 663 F.3d at 1142 (quoting *Roth v. United States*, 354 U.S. 476, 491 (1957)).

3

The Plaintiffs claim that the provision of New Mexico's cockfighting statute related to training, equipping and sponsoring roosters for the purpose of cockfighting, N.M. STAT. ANN.§ 30-18-9(B), is unconstitutionally vague on its face. Specifically, the Plaintiffs contend that the word "training" cannot apply to roosters because roosters are genetically predisposed to fight and cannot be trained like dogs. (Doc. 23 at 5-8; *see also* Compl. at ¶¶ 47-48). The Plaintiffs argue that the law is vague because it could prohibit normal animal husbandry practices like trimming crests, waddles and spurs and could be confused by officials with non-prohibited "conditioning" such as tethering, providing high perches, and medicating with vitamins. (Doc. 23 at 4). Finally, the Plaintiffs contend that the absence of definitions in the statute delegates the interpretation of "training," "equipping," and "sponsoring" to law enforcement officials, who can utilize the provisions to target Hispanic rooster owners and subject them to criminal prosecution. (Doc. 23 at 6-9).

The Plaintiffs' argument is unavailing. The meaning of the words "train" and "training" are commonly understood and subject to ready definition. The Merriam-Webster Dictionary defines the transitive verb "train" as "to form by instruction, discipline, or drill" or "to make prepared (as by exercise) for a test of skill" and the intransitive verb "train" as "to undergo instruction, discipline, or drill . . . ." When a word or phrase has a well-settled, commonly understood meaning, its use does not render a statute void for vagueness. *United States v. Gaudreau*, 860 F.2d 357, 362 (10th Cir. 1988) (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926).) ("The Court has consistently held statutes sufficiently certain when they employ words or phrases with 'a well-settled common law meaning, notwithstanding an element of degree in the definition as to which estimates might differ . . . .'").

Here, the statute prohibits training, equipping and sponsoring a rooster **for the purpose of cockfighting**. *See* N.M. STAT. ANN. § 30-18-9(B). Because any prosecution under the statute requires evidence that the activities were done for a specific purpose, rooster owners who maintain and care for their animals in accordance with traditional animal husbandry practices for non-cockfighting purposes will not be subject to punishment. To use Plaintiffs' example, children in a 4-H club who raise roosters do so for the purpose of exhibiting them at fairs or learning animal husbandry practices. As such, they are not subject to the cockfighting statute.

Similar statutes abound. In Arizona, cockfighting, a class 5 felony, is defined as "[o]wning, possessing, keeping or training any cock with the intent that such cock engage in an exhibition of fighting with another cock." ARIZ. REV. STAT. ANN. § 13-2910.03(A)(1). Florida law makes "[b]aiting, breeding, training, transporting, selling, owning, possessing, or using any wild or domestic animal for the purpose of animal fighting" a third degree felony. FLA. STAT. § 828.122(3)(a). Kansas outlaws cockfighting, which it defines in part as "training, grooming, preparing or medicating any gamecock with the intent of having it fight with or injure or kill another gamecock." KAN. STAT. ANN. § 21-6417(a)(3). Louisiana law makes it unlawful to "[p]ossess, train, purchase, or sell any chicken with the intent that the chicken shall be engaged in an unlawful commercial or private cockfight . . . ." LA. REV. STAT. § 14:102.23(A)(2). It is a felony in Maryland to "possess, own, sell, transport, or train a fowl, cock, or other bird with the intent to use the fowl, cock, or other bird in a cockfight . . . ." MD. CODE. ANN., CRIM. LAW § 10-608(b)(4). Nebraska prohibits a person from knowingly owning, using, training, selling or possessing an animal for purposes of cockfighting. NEB. REV. STAT. § 28-1005(1)(c). In Oklahoma, it is a felony to own, possess, keep or train "any bird with the intent that such bird shall be engaged in a cockfight . . . ." OKLA. STAT. tit. 21, § 1692.5. A person in Oregon who

knowingly "[o]wns, possesses, keeps, rears, trains, buys, sells or advertises or otherwise offers to sell a fighting bird" commits the felony crime of cockfighting. OR. REV. STAT. § 167.428(1)(a). In Pennsylvania, it is a third degree felony to own, possess, keep, train, promote, acquire or sell "any animal for animal fighting . . . ." 18 PA. CONS. STAT. ANN. § 5511(h.1)(3). Under Tennessee law, it is unlawful to "own, possess, keep, use or train any . . . cock . . . for the purpose of fighting, baiting or injuring another such animal, for amusement, sport or gain . . . ." TENN. CODE ANN. § 39-14-203(a)(1). In Texas, it is a criminal offense to own or train "a cock with the intent that the cock be used in an exhibition of cockfighting . . . ." TEX. PENAL CODE ANN. § 42.105(b)(4). Finally, Washington outlaws knowingly owning, possessing, breeding, and training "any animal with the intent that the animal shall be engaged in an exhibition of fighting with another animal . . . ." WASH. REV. CODE § 16.52.117(1)(a). None of these statutes define the word "train" or "training."

Courts have affirmed the constitutionality of these statutes when challenged on vagueness grounds. *Commonwealth v. Gonzalez*, 588 A.2d 528, 532-35 (Pa. Super. Ct. 1991) (rejecting contention that statute was vague because it did not specify what constituted an animal owned for "animal fighting," finding that term is matter of common knowledge and that defendant's conduct fell well within the scope of the statute); *Harris v. State*, 11 P.3d 403, 408-09 (Ariz. App. Div. 2000), subsequently ordered depublished. Though New Mexico declined to reach the issue the only time it was presented, *State v. Ochoa*, No. 30,789, 2012 WL 2891251 (N.M. Ct. App. June 1, 2012), not one of the similar cockfighting statutes has been found unconstitutionally vague.

Finally, the Court finds it worthy of mention that words such as "train," "equip," and "sponsor" are not the type of words that typically subject a statute to a facial challenge. For the

vagueness doctrine to render a statute unconstitutional on its face, a subjective interpretation of the words used in the statute must be possible. For example, in *Coates v. City of Cincinnati*, the Supreme Court determined that a statute criminalizing the act of gathering in a group of three or more on a sidewalk and acting in a "manner annoying to persons passing by . . ." was unconstitutionally vague. 402 U.S. 611, 611, 614 (1971). The vagueness resulted from the use of the word "annoying," because whether behavior is annoying is entirely dependent on the subjective judgment of others and is not an objective standard. *Id.* at 614. In *Smith v. Goguen*, the Court considered a statute imposing criminal liability for publicly treating the United States flag "contemptuously," finding it vague because the "contemptuous" standard depends entirely on the preferences of law enforcement, courts and jurors. 415 U.S. 566, 578 (1974). Finally, in *Kolender*, the Court deemed a statute requiring persons to provide police with "credible and reliable" identification unconstitutionally vague because the credibility and reliability was determined by the subjective judgment of the police. 461 U.S. at 360-61. The words on which Plaintiffs' rest their challenge to New Mexico's cockfighting prohibition are not of a similar character, as they do not invite or allow for a subjective interpretation.

Though "training" is not expressly defined by the statute, it is a commonly understood term. The standard prescribed, that the training be for the purpose of cockfighting, is not subject to differing or subjective interpretations. As such, the statute as a whole does not require persons of common intelligence to guess at its meaning. Resolving all doubts in favor of the statute's constitutionality, the Court finds that N.M. STAT. ANN. § 30-18-9 is not unconstitutionally vague for failing to precisely define the term "training." The Plaintiffs have failed to state a claim based on the void for vagueness doctrine.

IV.     Ex Post Facto

The United States Constitution prohibits legislatures from retrospectively defining an act

as criminal. *See* U.S. CONST. art. I, § 10 cl. 1. This provision is called the Ex Post Facto Clause,

and, to fall in its ambit, the law at issue must apply to events that occurred before its passage to

the disadvantage of the affected offender. *Evans v. Ray*, 390 F.3d 1247, 1250 (10th Cir. 2004)

(quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)). The purposes served by the prohibition on

ex post facto laws are "to restrain legislatures and courts from arbitrary and vindictive action and

to prevent prosecution and punishment without fair warning." *Id.* (quoting *Devine v. N.M. Dep't

of Corr.*, 866 F.2d 339, 344 (10th Cir. 1989)).

The Plaintiffs contend that New Mexico's cockfighting statute is an ex post facto law

because it has resulted in law enforcement attention on rooster owners and in the criminal

prosecution of rooster owners for an activity (presumably cockfighting) that had previously been

legal. (Doc. 23 at 9). The Plaintiffs make this argument after cogently describing the categories

of law which may violate the Ex Post Facto Clause, each of which entails a change in the law

between the moment the act is committed and the time of prosecution or sentencing that works to

the offender's disadvantage. (*Id.* at 8). Based on the Plaintiffs' own summary of the law, and the

discussion above, it is clear that the cockfighting statute is not an ex post facto law.

As previously stated, the New Mexico Legislature criminalized cockfighting in 2007.

Undisputedly, until that time, cockfighting and the associated training of roosters to engage in

fights was legal in New Mexico. However, after the statute was enacted, any future action related

to cockfighting or training for cockfighting was criminalized. Because the statute does not work

retroactively to criminalize cockfighting or training activities that occurred prior to 2007, it is not

an ex post facto law. The Plaintiffs fail to state a claim for relief on this basis.

**THEREFORE,**

**IT IS ORDERED** that the State of New Mexico's Motion to Dismiss, filed November 2, 2012 (Doc. 18), is **GRANTED**. The Plaintiffs fail to state a claim for relief under their Third Cause of Action. As such, the Plaintiffs' Third Cause of Action is dismissed with prejudice, and the State is dismissed as a Defendant to this action.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**